```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 03-CR-310(2)(JMR/JSM)
                    05-CV-1295(JMR)
```

United States of America      )
                              )
          v.                  )           ORDER
                              )
Sergio Felix-Rodriguez        )


     Sergio Felix-Rodriguez seeks habeas corpus relief pursuant to

28 U.S.C. § 2255.  His petition is hereby denied.

I.  Background

     On September 17, 2003, petitioner was indicted on multiple

trafficking charges, including conspiracy to distribute more than

500 grams of methamphetamine (Count I), and knowingly possessing a

firearm in furtherance of a drug trafficking crime (Count VI).

Petitioner brought a motion to suppress the firearm underlying the

gun charge before Magistrate Mayeron, claiming the firearm was

illegally seized from his vehicle.  On November 26, 2003, the

Magistrate issued a Report and Recommendation finding the search

yielding the weapon constitutional.  This Court adopted the

Magistrate's Recommendation on February 10, 2004.

     On February 12, 2004, petitioner pleaded guilty to Counts I

and VI pursuant to a plea agreement.  During the plea colloquy, the

Court reminded petitioner that, as part of his guilty plea, he

waived any further evidentiary challenges.  Petitioner indicated

his understanding and proceeded with his guilty plea, admitting

both in his signed plea agreement and during the hearing that he

knowingly possessed a weapon during a drug trafficking offense.

Within the text of the plea agreement, petitioner agreed that:

. . . on August 28, 2003, in the state and District of
Minnesota, the defendant, Sergio Felix Rodriguez,
knowingly possessed a loaded Highpoint .380 caliber semi-
automatic pistol during and in furtherance of a drug
trafficking crime for which he may be prosecuted in a
court of the United States; namely, the possession with
intent to distributed approximately 13 ounces (358 grams)
of methamphetamine mixture as described in Count 4 of the
Indictment. Specifically, on that date the defendant had
the loaded gun with him at a Menard's parking lot where
he was about to participate in the sale of 13 ounces of
methamphetamine to a person who turned out to be an
undercover officer.

In two separate places, the plea agreement states that the gun
penalty would be consecutive to the drug penalty. Petitioner
signed and initialed each page of the plea agreement. The
government agreed to move for dismissal of the five remaining
counts and a reduced sentence for petitioner's substantial
cooperation. At the sentencing hearing, the government moved for
a sentence below the mandatory 10-year drug and 5-year firearm
sentences, as well as a dismissal of the accompanying charges. The
motions were granted, and petitioner received a total sentence of
108 months.

Petitioner's § 2255 motion claims his sentence violated the
Fourth, Fifth, and Sixth Amendments. He further claims these
violations arose from ineffective assistance of counsel. According
to petitioner, his attorney was ineffective for not opposing the
firearm enhancement at sentencing, and for failing to inform him

2

that the penalty for the gun charge would be consecutive.  Finally, he claims the weapon was illegally seized.  Each claim fails.

II.  Discussion

    A.  Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984).  To sustain this claim, petitioner must show:  (1) "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The Court must begin with the presumption that representation was competent, and that the challenged decisions constituted the permissible strategic and tactical choices of counsel.  Id. at 689.

    1.  Gun Count

Petitioner claims his attorney was ineffective for failing to contest his liability for the weapons count at sentencing. Specifically, he argues that the gun was unrelated to the drug trafficking offense.  This claim cannot be sustained.  Petitioner's own statements, both in the plea agreement and during the plea hearing, clearly establish a relationship between the gun possession and the drug offense.  It would have been a breach of the plea agreement for petitioner's attorney to argue against such liability at sentencing.  The Court finds, as a matter of law, that

petitioner's counsel was not ineffective when he did not argue against the agreement and the representations of his own client.

      2.  <u>Consecutive Sentence</u>

Petitioner next claims his attorney failed to inform him of the consecutive penalty for the weapons count.  Certainly the Court was not present when petitioner's counsel advised him concerning the penalties which might be imposed.  But the Court has read the plea agreement, which specifically advised him of the gun-possession penalty and the fact that it was to be consecutive.  The Court itself told petitioner these facts.  Under these conditions, petitioner's conclusory allegations of incompetence are inadequate to show ineffective assistance of counsel.  <u>See e.g.</u>, <u>Estes v. United States</u>, 883 F.2d 645, 647 (8th Cir. 1989).

As stated, petitioner's ultimate 108-month sentence fell well below the mandatory 15 years he would have received absent his plea and cooperation.  Petitioner may not accept the benefits of a favorable plea agreement one minute, and then repudiate his own agreement the next.  Petitioner's ineffective assistance of counsel claim is groundless.  ____

    B.  <u>Illegal Seizure of the Firearm</u>

Petitioner attempts to resuscitate his claim that the firearm was unlawfully seized from his vehicle.  As the Court explained at the plea hearing, petitioner gave up his right to challenge the search when he entered a guilty plea.  This occurred after the

Court had adopted the Report and Recommendation holding the search and seizure to be legal.  This claim fails.

Because each of petitioner's claims in support of his § 2255 petition fail, his petition must be denied.

III.  <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA").  <u>See</u> <u>Tiedeman v.</u> <u>Benson</u>, 122 F.3d 518 (8th Cir. 1997).  The Court concludes that no issue raised is "debatable among reasonable jurists." <u>Flieger v.</u> <u>Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991)).  Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA.  28 U.S.C. § 2253(c)(2).

IV.  <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1.  Petitioner's motion for relief pursuant to § 2255 [Docket No. 222] is denied.

2.  No Certificate of Appealability will be issued in this case.

Date:  March <u>7</u>, 2006

                                    s/ James M. Rosenbaum
                                    JAMES M. ROSENBLUM
                                    United States Chief District Judge